L. Fred Talbot v. Commissioner.
Talbot v. Commissioner
Docket No. 59537
United States Tax Court
T.C. Memo 1963-322; 1963 Tax Ct. Memo LEXIS 24; 22 T.C.M. (CCH) 1686; T.C.M. (RIA) 63322; December 6, 1963
*24 H. Kent Holman, for respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The respondent has determined deficiencies in the petitioner's income tax and additions to tax for the indicated years, as follows: Additions to Tax
§ 293(b)
§ 294(d)(1)(A)
§ 294(d)(2)
Year
Deficiency
I.R.C. 1939
I.R.C. 1939
I.R.C. 1939
1945
$ 3,355.42
$1,677.71
$ 338.74
$203.25
1946
15,057.89
7,528.95
1,852.76
907.66
1947
14,815.49
7,407.75
1,744.59
866.76
The issues presented by the pleadings are the correctness of respondent's action (1) in determining that petitioner had unreported income of $10,866.51, $27,789.66 and $27,665.79 during the years 1945, 1946 and 1947, respectively; (2) in determining that petitioner was liable for the section 293(b) additions to tax for the years 1945, 1946 and 1947; (3) in determining for the years 1945, 1946 and 1947 that petitioner was liable for the additions to tax under section 294(d)(1)(A); and (4) in determining for the years 1945, 1946 and 1947 that petitioner was liable for the additions to tax under section 294(d)(2). Findings of Fact Petitioner resides in Portland, *25 Oregon, and for the taxable years 1945, 1946 and 1947 filed individual income tax returns with the collector of internal revenue in Portland, Oregon. During the years 1945 to 1947, inclusive, petitioner was engaged in various gaming and gambling enterprises from which he derived substantial income. Petitioner's returns were prepared by an accountant from records furnished him by petitioner. The records consisted of a piece of paper on which petitioner itemized his expenses and listed the gross amounts won or lost on a particular day. On his returns for the years 1945, 1946 and 1947, petitioner reported net income of $724.74, $13,086.80 and $10,839.22, respectively. Petitioner's wife admitted that the following net worth statement correctly states the unreported income of herself and petitioner for the taxable years 1945 to 1951, inclusive: DETERMINATION OF INCOME ON NET WORTH BASIS
12/31/44
12/31/45
12/31/46
12/31/47
Cash in Bank
$ 760.76
$ 1,704.99
$ 4,261.63
$ 2,108.88
U.S. Savings Bonds
1,275.00
1,650.00
1,650.00
1,650.00
Accounts and Notes
61,333.33
Receivable
Real Estate
9,521.23
11,142.41
53,832.71
36,981.98
Real Estate & Investment
- California
Business Investments
1,400.00
3,171.75
24,179.90
33,331.83
Personal Assets
4,322.84
10,948.54
19,684.13
26,646.97
Net Worth
$17,279.83
$28,617.69
$103,608.37
$162,052.99
Less: Prior year net
17,279.83
28,617.69
103,608.37
worth
Increase in Net Worth
$11,337.86
$ 74,990.68
$ 58,444.62
Add: Deductible Capital
Loss
Less: Nontaxable Capital
Gains & Losses
Mildred A. Talbot
3,719.44
L. Fred Talbot
3,250.00
Total Nontaxable Capital
$ 6,969.44
Gains & Losses
Net Increase in Net Worth
$11,337.86
$ 68,021.24
$ 58,444.62
Add: Living Expenses
8,089.07
7,930.43
10,218.84
Income Taxes Paid
32.00
1,108.99
5,469.45
Total
$19,458.93
$ 77,060.66
$ 74,132.91
Less: Capital Loss
Deduction
Adjusted Gross Income
$19,458.93
$ 77,060.66
$ 74,132.91
Net Income Reported -
724.74
13,086.80
10,839.22
Fred Talbot
Mildred Talbot
3,466.97
11,024.91
10,463.33
L. Fred Talbot & Mildred
Talbot
Total Net Income Reported
$ 4,191.71
$ 24,111.71
$ 21,302.55
Less: Nondeductible Loss
Per Return
Unreported Income
$15,267.22
$ 52,948.95
$ 52,830.36
Breakdown of Unreported
Income: Mildred Talbot
7,633.61
26,474.47
26,415.18
L. Fred Talbot
7,633.61
26,474.48
26,415.18
L. Fred Talbot and
Mildred A. Talbot
Total
$15,267.22
$ 52,948.95
$ 52,830.36
*26 DETERMINATION OF INCOME ON NET WORTH BASIS
12/31/48
12/31/49
12/31/50
12/31/51
Cash in Bank
$ 5,851.90
$ 2,532.89
$ 1,834.10
$ 79.58
U.S. Savings Bonds
1,650.00
450.00
450.00
450.00
Accounts and Notes
79,807.88
79,843.33
87,133.81
79,093.72
Receivable
Real Estate
56,786.14
54,695.64
58,010.02
61,442.41
Real Estate & Investment
90,936.78
134,054.99
154,618.57
- California
Business Investments
36,189.76
30,269.49
16,125.27
7,265.92
Personal Assets
29,893.55
34,196.05
36,672.11
36,672.11
Net Worth
$210,179.23
$292,924.18
$334,280.30
$339,622.31
Less: Prior year net
162,052.99
210,179.23
292,924.18
334,280.30
worth
Increase in Net Worth
$ 48,126.24
$ 82,744.95
$ 41,356.12
$ 5,342.01
Add: Deductible Capital
(2,386.52)
Loss
Less: Nontaxable Capital
Gains & Losses
Mildred A. Talbot
L. Fred Talbot
2.48
228.18
(2,386.51)
Total Nontaxable Capital
$ 2.48
$ 228.18
$ (4,773.03)
Gains & Losses
Net Increase in Net Worth
$ 48,123.76
$ 82,516.77
$ 46,129.15
$ 5,342.01
Add: Living Expenses
8,264.37
8,143.20
8,777.51
8,015.80
Income Taxes Paid
6,750.00
6,276.34
5,030.66
4,150.00
Total
$ 63,138.13
$ 96,936.31
$ 59,937.32
$ 17,507.81
Less: Capital Loss
1,000.00
1,000.00
Deduction
Adjusted Gross Income
$ 63,138.13
$ 96,936.31
$ 58,937.32
$ 16,507.81
Net Income Reported -
Fred Talbot
Mildred Talbot
L. Fred Talbot & Mildred
29,194.11
23,210.38
14,535.33
(2,598.42)
Talbot
Total Net Income Reported
$ 29,194.11
$ 23,210.38
$ 14,535.33
$ (2,598.42)
$ 44,401.99
Less: Nondeductible Loss
4,773.03
Per Return
Unreported Income
$ 33,944.02
$ 73,725.93
$ 39,628.96
$ 19,106.23
Breakdown of Unreported
Income: Mildred Talbot
L. Fred Talbot
L. Fred Talbot and
33,944.02
73,725.93
39,628.96
19,106.23
Mildred A. Talbot
Total
$ 33,944.02
$ 73,725.93
$ 39,628.96
$ 19,106.23
*27 The records maintained by petitioner for the years 1945, 1946 and 1947 were inadequate in that they did not fairly or correctly reflect his income for those years. Petitioner understated his income during the taxable years 1945, 1946 and 1947 in the amounts of $7,633.61, $26,474.48 and $26,415.18, respectively. The petitioner's income tax returns for the years 1945, 1946 and 1947 were false and fraudulent and were made with intent to evade tax. Part of the deficiency for each of the years is due to fraud with intent to evade tax. Opinion Petitioner did not appear at the trial and no evidence was offered on his behalf. Respondent has made certain concessions in connection with the amount of petitioner's unreported income in each of the taxable years. Since the burden of proof as to issues (1), (3) and (4) is on the petitioner, the respondent's determination, as corrected, with respect to these issues is sustained. As to issue (2) involving the imposition of a fraud penalty under section 293(b), the burden of proof rests upon respondent. It is now recognized that where the available records of a taxpayer do not fairly or correctly show his income, the respondent may use the *28 increase in net worth method in determining taxable income. , rehearing denied ; , aff'd, (C.A. 4, 1955). certiorari denied . Having already found that the records maintained by petitioner for the years in question were inadequate, we are of the opinion that the respondent acted within his authority in employing the increase in net worth method in determining petitioner's taxable income for those years. Since petitioner was engaged in various gambling ventures during the taxable years, we believe respondent has likewise satisfied his burden of showing a likely source from which the increases in net worth sprang. See We must now consider whether the amounts of unreported income as revealed by respondent's net worth computation were omitted by petitioner from his income tax returns with an intent to evade tax. The record discloses that during the three taxable years involved herein, petitioner's reported income was $724.74, $13,086.80 and $10,839.22, *29 respectively, while his unreported income was $7,633.61, $26,474.48 and $26,415.18, respectively. These discrepancies of 100 percent or more between the unreported income and the reported income for three successive years strongly evidence an intent to defraud. (C.A. 6, 1940), affirming, ; , aff'd, 227 F. 2d (C.A. 5, 1956).[1]
Respondent's assertion of an addition to tax under section 293(b) is sustained. Decision will be entered under Rule 50. Footnotes
1. See also , in which the same taxpayer was found to have understated a large part of his income for the years 1948 to 1951, inclusive, with the intent to evade tax.↩